OPINION,
That the condition, annexed to the devise, by the testament of Richard Drummond, of his Hunting cieek land, hall of Halfmoon island, and a mill, to his wife Catharine, namely the continuance of her widowhood after his death was not discharged *by the subsequent devise to her of all his estate, until the elder of his children should be married, or should attain the age of twenty one years;
Because the presumption, that the testator, who with his own hand wrote his testament, did not remember, whilst he was forming the later devise, what was contained in the former, or that he had changed his mind, during the short time in which such an act as the writing this testament may be performed, seems less probable, than the presumption, that he supposed the condition expressed in the one would be understood in the other, and therefore the insertion of it in this would be an unnecessary repetition ; and that he had not changed an intention, indicated no less than three times in explicit terms, an intention originating from the contemplation, in his wifes future matrimonial alliance, if not of an effect which would more divide her affection, at least, of her inability to provide for her offspring by him so well as she might otherwise have provided for them:
And altho the wifes interest in the testators other land was determinable, not by her marriage, but, by another event, this difference, which that the testator designed may be doubted, no cause for it being des-cernible, if considerable at all, ought not to alter that interpretation of the testament according to which
The wife was intitled to all the estate to one part, if she continued a widow, and to the remainder, in either that, or the contrary event, until the elder of the children should have been married, or if she had not died, would have attained the age of eighteen years, when an equal division of the estate was directed to be, and the wife could have retained her dower only; — but if she should marry again, then her title by the testament to the land devised to Alicia ended and her title of dower in it remained, (a) and by which interpretation a harmony will be in all parts of the testament one with another, the reverse whereof will be effected by any other interpretation.
And that the defendent Levin Teackle, out of the estate in his hands to be administered of Ralph Justice, ought to pay to the plaintiffs two thirds parts of the profits of the land, devised by the testament of Richard Drummond to his daughter Alicia, made by the said Ralph Justice, after his marriage with her mother, as well those received by himself, as those received, .after his death, by his executor, which had not been accounted for with William Justice, the plaintiff Annes former husband.
*The court is also of oxJinion that the two sisters of Alicia Drummond by her mothers first husband, John Shepherd, were not entitled to shares of the said Alicias personal estate, because, altho the statute, then in force for distribution of the estates which the owners disposed not by testaments, provided ‘if after the death of a father any of his children shall die intestate, without wife or children, in the lifetime of the mother, that every brother and sister, and the representatives of them shall have an equal share with her,’ and although all the children of one woman, by divers men, are brothers and sisters to one another, yet in the same statute the words, *182 ‘and if all the children shall die, intestate, without wife or children, in the lifetime of the mother, then the portion of the child so dying last shall be equally divided, one moiety to the mother, and the other moiety to the next of kindred by the father,’ immediately following the words before rehearsed, so that in this case, after the death of Alicia, if the plaintiff Anne had died intestate, having never been married, her portion would unquestionably, have been divided between her mother and next of kindred by her father, in exclusion of Shepherds daughters, suggest an argument which seems to prove, that by ‘brother and sister,’ were intended brother and sister by the same father, if the position, that the statute appointed those successors to an intestate, whom the legislature supposed his affection would have moved him to appoint, if he had made his testament, be true, as it is said to be; for the predilection towards a paternal uncle or aunt, or even remoter kinsfolk, in the case of the child dying last, cannot operate so powerfully, as the supposed predilection towards the sister by the father, in the present case operates to the exclusion of uterine sisters from the succession;
And consequently that the plaintiffs, in right of the wife, were intitled to one half of the shares of Alicia Drummonds personal estate, which were received by the defend-ents Edward Ker, and John Harmanson, the testator of the defendents William Harmanson, and Henry Harmanson, in right’ of their wives, the daughters of Cath-arine Drummond by John Shepherd, and were also entitled, if the said Catharine died intestate, to one third part of the other half;
And that the plaintiffs are not barred, by the equity of the statute for limitation of actions, of recovering, tne plaintiff Annes own half from the defendents Edward Ker, and William Harmanson and Henry Har-manson, unless she had attained her full age at the time of her marriage with her present husband in which case the plaintiffs are not barred of recovering that half from the defendent Levin Teackle,
*Who by his answer to the original bill, having acknowledged himself to have distributed the personal estate of Alicia Drummond among her mother and three sisters, either, if such his intromission therein were wholly unauthorised, or if the administration thereof had been committed to him, was a trustee for those in-titled to the said Alicia Drummonds estate:
And that upon the same principle the plaintiffs are not barred of recovering from the defendent Levin Teackle the plaintiff Annes third part, if her mother died intestate, of the other half of the shares received as aforesaid by the husbands of her sisters.
And the court, overruling such of the demurrers as this opinion contravened, directed master commissioner Hay to examine, state, and settle all accounts between the parties, according to the opinion, to inquire of the plaintiff Annes age at her marriage with the other plaintiff, and what testament her mother made, if she made a testament, and to report these matters, as they shall appear to him, with ■ any other matters, by himself thought pertinent or by the parties required, to be stated, to the court.

 The plaintiffs supposed the widow, by not renouncing- the testament, to have been barred of dower in the land devised to Alicia, but the act of general assembly to which they allude for this, 1727. chap. IV, of the edition in 1709, sect. XXI doth not extend to lands. — Note in edition of 1795.